IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JESSIE TOMPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10cv1015-MEF |
| | ) | |
| JIMMY BARKER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is a Motion to Remand (Doc. #50) filed by the Alabama

Department of Education ("the Department"), a third party to this case, and Plaintiff's

Objection to the Motion (Doc. #52).  For the reasons that follow, the undersigned

Magistrate Judge RECOMMENDS that the Motion to Remand (Doc. #50) be

GRANTED.

The Department initiated state administrative proceedings to revoke Plaintiff's

Alabama Professional Educator Certificate, a sanction for Plaintiff's alleged violation of

Alabama Code § 16-23-5.  Plaintiff requested an administrative hearing concerning the

proposed action against his teaching certificate and then moved to stay the pending

hearing.  On May 24, 2011, Plaintiff filed for removal (Doc. #47) of the administrative

proceeding to this Court.  Plaintiff points to 28 U.S.C. § 1441 as a basis for removal and

also alleges that the pending administrative proceeding would address the same issues

currently before this Court.  *See* Pl.'s Notice of Removal (Doc. #47) at 2.  The

Department's motion seeks to remand the pending hearing to the Alabama administrative law judge presiding over the case.

The Department's Motion to Remand is due to be granted because this Court lacks jurisdiction over the pending administrative action.  First, the administrative matter is not removable under 28 U.S.C. § 1441.  As an administrative proceeding before the Alabama Department of Education, pursuant to Alabama Code § 16-23-5, the proceeding is not a "civil action brought in a State court" within the meaning of Section 1441.  *See* 28 U.S.C. 1441(a) & (b).  Additionally, the pending administrative hearing, which involves the revocation of Plaintiff's teaching certificate pursuant to Alabama law, is not a matter that could have been originally filed in federal court as required by the statute.  *Id.*  Second, as the Department argues, this Court lacks subject matter jurisdiction over the pending hearing because there is no federal question, diversity, or supplemental jurisdiction over this administrative matter.  "Federal courts are courts of limited jurisdiction" and, as such, they possess only the power to hear cases as authorized by the Constitution or the laws of the United States.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This Court has no power to hold an administrative hearing on the status of Plaintiff's teaching certificate.

Plaintiff's argument that the administrative hearing would require him to litigate the same issues before this Court must also fail.  Plaintiff's current case in this Court involves a Title VII claim against his former employer, the Montgomery County Board of

2

Education, not the Alabama Department of Education.  Further, Plaintiff's Title VII claim involves a dispute between employee (Plaintiff) and his employer (the Montgomery County Board of Education), and Plaintiff's allegations of discrimination.  Plaintiff's pending administrative hearing, on the other hand, involves a dispute between licensee (Plaintiff) and licensing body (the Alabama Department of Education), and whether Plaintiff acted unethically when he allegedly violated the privacy rights of his students and their parents.  Plaintiff's teaching certificate was issued by the State Superintendent of Education and, as such, it is subject to the Department's rules and regulations.  This Court finds no reason to interfere with the Department's lawful regulation of its teachers.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the Department's Motion to Remand (Doc. #50) be GRANTED and the administrative matter be remanded to the state administrative law judge presiding over the matter for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **September 23, 2011**.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which a party  objects. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 9th day of September, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

4