IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JESSIE TOMPKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:10-CV-1015-MEF |
| | ) |
| JIMMY BARKER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**<u>ORDER</u>**

On September 9, 2011, the Magistrate Judge filed a Recommendation (Doc. # 63) that this Court grant the Alabama Department of Education's ("ADOE") Motion to Remand (Doc. # 50) the administrative matter removed to this Court by Plaintiff (Doc. # 47) to the state administrative law judge presiding over this matter. Plaintiff has filed a timely Objection to the Recommendation. (Doc. # 69.) The court reviews *de novo* the portion of the Recommendation to which the Objection applies. 28 U.S.C. § 636(b)(1). For the reasons that follow, the Objection is due to be overruled and the Recommendation adopted.

Plaintiff's Notice of Removal states that the Montgomery County Board of Education ("MCBOE") is "attempting to revoke the Plaintiff['s] professional certification under a law designed to revoke the certification of sex offenders [who] are convicted of crimes against children." (Not. of Removal ¶ 5.) The Notice further states that a hearing is scheduled before an administrative law judge, and that this Court has subject matter jurisdiction over that administrative proceeding. (Not. of Removal ¶¶ 6, 7.) As the Magistrate Judge

succinctly stated, "this Court lacks jurisdiction over the pending administrative action." (Recommendation 2.) Issues regarding professional licenses and certifications are matters of state law. *See Am. Iron & Steel Inst. v. Occupational Safety & Health Admin.*, 182 F.3d 1261, 1275 (11th Cir. 1999). Plaintiff's objection that this Court does have subject matter jurisdiction because the administrative proceeding is allegedly retaliatory is confused. Although Plaintiff may argue the retaliatory basis of the proceeding as part of a federal employment discrimination claim, it does not entitle Plaintiff to remove the administrative proceeding altogether.

Accordingly, it is ORDERED:

1. The Magistrate Judge's Recommendation (Doc. # 63) is ADOPTED;

2. Plaintiff's Objection (Doc. # 69) is OVERRULED; and

3. ADOE's Motion to Remand (Doc. # 50) is GRANTED and the administrative matter removed to this Court (Doc. # 47) is REMANDED back to the administrative law judge presiding over the matter. The Clerk of the Court is DIRECTED to take appropriate steps to effectuate this remand.

It is further ORDERED that this case is REFERRED back to the Magistrate Judge for further proceedings.

DONE this 21st day of November, 2011.

                                              /s/ Mark E. Fuller
                                      UNITED STATES DISTRICT JUDGE